# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2013

No. 13-10059
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON ALLEN NEFF, also known as "CrazyJ",

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-152-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jason Allen Neff appeals from the district court's denial of his motion for release pending trial. Neff was arrested in the Western District of Missouri, where a magistrate judge denied him release pending trial. He was transferred to the Northern District of Texas, where he moved for release pending trial. He contends that he was entitled to a new detention hearing on his motion, which the district court decided on a de novo review of the preliminary hearing and detention hearing held in Missouri.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10059

None of the contentions Neff raises on appeal were raised in his motion for release pending trial in the district court. Our review therefore is for plain error. To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* In an ordinary case, a defendant must show that the error affected the outcome of his judicial proceeding. *Id.*

Neff does not contend that the district court would have reached a different result had it conducted a new detention hearing. He does not argue that the district court's denial of pretrial release was not supported by the record. Nor does he allege that he would have presented any new evidence or argument that might have persuaded the district court to balance the evidence in his favor, or that he was prejudiced in any other way by the district court's reliance on the Missouri magistrate judge's hearing. Moreover, he does not contend that the district court erred by denying his motion on the basis asserted for the motion, i.e., the deprivation of his right to counsel. *See United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).(stating that this court reviews the substance of a district court's release determination to ascertain whether that determination is supported by the evidence in the record when looked at as a whole); 18 U.S.C. § 3142(f)(2)(B) (allowing reopening of proceeding to consider material evidence that was not known to the defendant at the time of the initial hearing). Because Neff provides no allegations or argument as to prejudice, he cannot prevail on plain error review. *See Puckett*, 556 U.S. at 135.

AFFIRMED.